Mr. Chief Justice Alvey
delivered the opinion of the Court:
This is an application to this court for a writ of mandamus to the Supreme Court of the District of Columbia, requiring that Court to allow an appeal to this court from a judgment rendered at a special term of said Supreme Court on an appeal from a judgment of a justice of the peace in a civil action. And the question is, whether any such appeal lies to this court.
It is supposed, and it is so contended in support of this application, that the general language employed in Section 7 of the act of Congress of February 9, 1893, providing for the organization of this court, is sufficient and does extend to and embrace appeals such as that sought to have allowed in this case. The language of the statute is, “That any party aggrieved by any final order, judgment or decree of the Supreme Court of the District of Columbik, or of any justice thereof, may appeal therefrom to the Court of Appeals hereby created.”
Taking this language literally, and without reference to the occasion and purpose of the statute, it would certainly be comprehensive enough to embrace the proposed appeal here in question. But every statute must be construed with reference to the original intent and meaning of the makers, and which intent and meaning may be collected from the cause or necessity of the enactment, and the objects intended to be accomplished by it. With the known objects and purposes of the statute in view, general language may and should be restricted to the accomplishment of such objects and purposes, and not be made to embrace objects not contemplated by the authors of the statute. This is an old and well settled canon of construction.
*319 The civil jurisdiction conferred on justices of the peace is special and limited in its nature, and the right of appeal exists only as it may be expressly provided for by statute, and to be pursued in the mode and manner prescribed and none other. The court to which the right of appeal is given, in respect to such appeals, exercises a special appellate jurisdiction, and the statute provides the manner in which that jurisdiction shall be exercised. Section 775 of Revised Statutes United States, relating to the District of Columbia, provides that “ The Supreme Cpurt shall in a summary way hear the allegations and proofs of both parties, and determine upon the same according to law and the equity and right of the matter at the same term, without further continuance or delay, unless it shall appear to the court that further time ought to be given to the party applying for the same.” And in the next section (Section 776) it is provided that “ Either of the parties may demand a trial by jury, or leave the cause to be determined by the court, at their election.” This method of proceeding is exclusive of all other methods, and is clearly intended to be final and conclusive of the litigation between the parties.
Appeals from the decisions of justices of the peace to the Supreme Court of the District are tried at the special terms ot that court; and the right of appeal from the special to the General Term of the Supreme Court is given in language equally broad, and almost identical with that by which the right of appeal is given from the Supreme Court to this court by the act of Congress of February 9, 1893. The language of the Revised Statutes, Section 772, giving the right of appeal from the special to. the General Term, is this: “Any party aggrieved by any order, judgment or decree, made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the General Term of the Supreme Court, and upon such appeal the General Term shall review such order, judgment or decree, and affirm, reverse, or modify the same, as shall be just.”
*320 Now, it is conceded that by the repeated and uniform construction by the General Term of this provision of the statute, giving the right of appeal from the special to the General Term, the right of appeal from the judgments of the special term rendered in cases of appeals from decisions of justices of the peace, has been held not to exist. In other words, that the general right of appeal from the special to the General Term did not include or apply to cases coming into the Supreme Court by appeal from judgments of justices of die peace. And this being the settled construction and practice of the Supreme Court, we can perceive no reason whatever for departing from it.
It is clear the act of Congress providing for the organization of this court was not intended to multiply appeals, or to give the right of appeal in cases where it had been previously denied, except as specifically provided in the act. The reason for holding that the right of appeal does not apply to judgments rendered on appeals from justices of the peace would seem to be obvious. The right of appeal is fully gratified and exhausted in the appeal given to the Su.preme Court of the District; and it would be an undue encouragement of litigation to give a further and additional appeal to another court, with all the attendant delay and expense, and where the costs in a majority of such cases would be greatly more than the amount in controversy. The appellate jurisdiction, as applied to the judgments of justices of the peace, is required to be summary and speedy in its execution. It is so expressly provided; and it is not reasonable to presume that the lawmakers, in the passage of the act of February 9, 1893, intended to change or depart from that policy and mode of proceeding, by giving the right of.accumulated appeals. Nothing short of an express provision, referring to such cases in terms, would justify the conclusion tha^ the law was intended to apply to such cases.
It follows that the application must be denied and the petition dismissed; and it is so ordered.

Mandamus refused and petition dismissed.